[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

No. 11-10873
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-01729-CC

SUNDAY N. UDOINYION,

                                        Plaintiff-Appellant,

                    versus

THE GUARDIAN SECURITY,
CEO BENJAMIN T. MANER, III,
REGISTERED AGENT KATHERINE MANER,
THE GUARDIAN SECURITY MANAGEMENT &
INVESTIGATIVE SERVICES, INC.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 7, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Sunday N. Udoinyion appeals *pro se* from the dismissal, with prejudice in part and without prejudice in part, of his employment-discrimination suit against his former employer, The Guardian Security Management & Investigative Services, Inc. ("Guardian Security"), its Chief Executive Officer ("CEO"), Benjamin T. Maner, III, and its human resources director, Katherine Maner. He argues, first, that the district court erred in finding that his claims against the Maners in their individual capacities were not cognizable under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). He further contends that the district court erred in dismissing his claims against Guardian Security without prejudice on grounds of failure to effect timely service of process. For the reasons set forth below, we affirm in part, reverse in part, and remand.

I.

On May 13, 2008, Udoinyion filed a complaint *pro se* against "The Guardian Security," alleging that it had retaliated against him for seeking a reasonable accommodation for his disability and for complaining about unlawful discrimination on the basis of his disability. He alleged that this conduct violated both Title VII and the ADA. In brief, the complaint alleged that he requested and received a transfer to a security post that would permit him to patrol by car rather

than on foot, in order to accommodate the disabling condition of his knees, but that, as a direct result of that request, his employment was terminated within two weeks of the transfer. He further alleged the direct involvement of Benjamin and Katherine Maner in the decisions to terminate his employment and to challenge, under false pretenses, his application for unemployment benefits.

In a July 2008 filing with the district court, Udoinyion stated that he had retained two process servers in an attempt to serve the complaint and summons on Guardian Security. The first process server went to the Guardian Security offices in May 2008 and spoke with the receptionist, but she was unable to see Katherine Maner, its registered agent. The second process server, the Fulton County Marshal, attempted to effect service in June 2008. The Marshal returned the summons with a notation that Guardian Security was "no longer in business (changed names)," but when Udoinyion subsequently called Guardian Security's phone number, a receptionist answered, "The Guardian." Accordingly, Udoinyion notified the court that he believed Guardian Security to be evading service and that he wished to amend the complaint to include a possible new name for the company.

Udoinyion filed the amended complaint in August 2008, naming Benjamin and Katherine Maner as individual defendants and identifying Guardian Security

by its full name. The amended complaint also added a claim for national-origin discrimination in violation of Title VII. He completed a separate summons for each defendant. On September 4, 2008, his third process server filed Returns of Service, including sworn and notarized declarations that he had served process personally on Benjamin Maner at 2839 Church Street in Atlanta, Georgia, and had served the other two summonses by leaving them with Benjamin Maner as the owner and CEO of the company.

Two weeks later, an unsigned letter by an unidentified writer was sent to the district court clerk. The letter gave only the name "AshBritt Police & Security Uniforms" in the return-address block and included the typed closing "Respectfully, AshBritt Uniforms," but was written in the first person. The writer indicated that when the third process server entered the AshBritt Uniforms store and attempted to go upstairs to the Guardian Security offices, an AshBritt employee stopped the process server and told him that Guardian Security was out of business. The AshBritt employee then "playfully insinuated" that he was the owner of Guardian Security so that the process server would give him the "mail," which the employee had agreed to collect for Benjamin Maner. When the process server gave the paperwork to the employee and said that he was served, the employee laughed, apologized, and tried to return the papers, but the process

4

server insisted that he had been served. The employee "left" the papers for the letter-writer, who indicated that he or she had decided to mail the papers to the district court rather than "create anymore problems."

Udoinyion filed a response with the court, stating that (1) Benjamin Maner is the owner of both AshBritt and Guardian Security, and (2) in light of the process server's sworn Return of Service, the purported AshBritt employee likely was actually Benjamin Maner. He further noted that Guardian Security had dissolved its corporate form on December 10, 2007, and he alleged that it had done so in response to the Equal Employment Opportunity Commission's ("EEOC") issuance of Udoinyion's right-to-sue letter.

Benjamin Maner subsequently submitted an unsigned letter to the district court, asserting that (1) the process server interacted with an AshBritt employee that day, (2) the AshBritt employee was not Benjamin Maner, Katherine Maner, or anyone authorized to accept service for Guardian Security, and (3) "The Guardian Security [Management] & Investigative Services" had dissolved and was no longer in business. The letter asked the court to dismiss the complaint, but no defendant filed a formal motion to dismiss, and no attorney entered a notice of appearance on Guardian Security's behalf.

Udoinyion moved for entry of default, arguing that the defendants had been properly served and had failed to respond. He included a sworn affidavit in which he attested that the parties had been duly served. In denying the motion in August 2009, the district court found that Guardian Security had dissolved effective December 10, 2007. Although the process server stated that he had served Guardian Security, the Maners said that they had not been served, and the letter from AshBritt indicated that the papers actually had been left with an AshBritt employee. Based on this record, the court found that Udoinyion had not carried his burden of proving that service had been effected.

In November 2010, a magistrate judge recommended dismissing the complaint with prejudice as to the Maners and without prejudice as to Guardian Security. With respect to the Maners, the magistrate noted that Title VII and the ADA prohibit suits against individuals, regardless of those individuals' roles in hiring and firing. The magistrate then noted that, in light of the district court's earlier finding, Udoinyion had failed to establish that he had timely effected valid service of process on Guardian Security. Furthermore, Udoinyion had been on notice of the defect in service since mid-2009, but had not asked for an extension of time to effect proper service and had not established either good cause for the delay or grounds for a permissive extension of time, particularly in light of the

6

more than two-year delay since the filing of the complaint. Accordingly, Federal Rule of Civil Procedure 4(m) required dismissal without prejudice as to Guardian Security.

Udoinyion objected that Guardian Security had evaded service. He alleged that Benjamin Maner dissolved the company under its original name and gave it a new name when Udoinyion obtained his right-to-sue letter, and that Maner had either collaborated with or deceived his process servers in order to avoid process. He further maintained that the third attempt to serve process was effective, and that if it was not, Maner had continually frustrated his good-faith attempts to serve process, and further attempts to do so would be futile. He contended that Benjamin Maner's claim of defective service was unsupported by any competent affidavit and, thus, the court should not consider it.

The district court noted, first, that Udoinyion had not objected to the magistrate's report insofar as it recommended dismissal with prejudice of the claims against Benjamin and Katherine Maner. It then overruled Udoinyion's objections to the magistrate's findings as to service of process on Guardian Security. The court adopted the magistrate's report in its entirety, dismissed the complaint as to the Maners with prejudice, and dismissed the complaint as to

Guardian Security without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

II.

Where a party to a civil suit fails to object to the magistrate's findings of fact, despite receiving notice of the consequences of failure to object, and the district court adopts those findings, we review the findings only for plain error or manifest injustice. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

"[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). "[T]he alter ego doctrine does not create an exception to the rule against individual employee liability in Title VII cases." *Id.* at 934. Similarly, "individual liability is precluded for violations of the ADA's employment discrimination provision." *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).

Here, the magistrate correctly found that Benjamin and Katherine Maner were not subject to suit because both Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities. *See Albra*, 490 F.3d at 830; *Dearth*, 441 F.3d at 933. Udoinyion failed to object to

8

the magistrate's findings of fact as to the Maners, and he has failed to show that the magistrate and district court plainly erred in concluding that there was no factual basis for disregarding Guardian Security as the employer-entity and holding either of the Maners individually liable. *See Resolution Trust*, 996 F.2d at 1149.[1] Accordingly, the district court did not err in dismissing the complaint against Benjamin and Katherine Maner with prejudice.

### III.

"We review the district court's grant of a motion to dismiss for insufficient service of process . . . by applying a *de novo* standard to the law and a clear error standard to any findings of fact." *Albra*, 490 F.3d at 829 (quotation omitted). A plaintiff may serve process on a corporation by delivering the summons and complaint to an officer, managing or general agent, or other agent who is authorized to receive service of process. Fed.R.Civ.P. 4(h)(1)(B). The plaintiff must make proof of service to the court by submitting the server's affidavit. Fed.R.Civ.P. 4(*l*)(1). The plaintiff must serve the defendant with process within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m). An unsworn written

---

[1] Udoinyion argues for the first time on appeal that he should be permitted to pierce the corporate veil due to the Maners' alleged abuse of the corporate form. We ordinarily do not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004). Accordingly, we decline to consider this argument.

declaration may be used as evidence if the writer includes and signs a statement such as, "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Udoinyion filed his original complaint on May 13, 2008. Thus, assuming that his amendment of the complaint did not extend the time for service, he was required to serve Guardian Security with process by September 10, 2008. *See* Fed.R.Civ.P. 4(m). On September 4, 2008, Udoinyion's third process server filed a return of service, swearing before a notary under penalty of perjury that he had served process personally on Benjamin Maner, the owner and CEO of the company, at 2839 Church Street, Atlanta, the address of Guardian Security's office. Thus, Udionyion established the *prima facie* validity and timeliness of service. *See* Fed.R.Civ.P. 4(h)(1)(B), (*l*), (m).

Although Benjamin Maner's letter asked the court to dismiss the case on the basis of defective service, no attorney ever made any such argument on Guardian Security's behalf or filed a motion to that effect. *See Palazzo*, 764 F.2d at 1385. Furthermore, the only documents in the district court record that challenge the validity of service are (1) the unsigned letter from "AshBritt Uniforms," in which

one unidentified employee purports to describe the interaction between another unidentified employee and the process server, and (2) the unsigned letter from Benjamin Maner, which agrees with the AshBritt letter's description of the interaction between the employee and the process server. Neither of these documents satisfies the standard for an unsworn declaration under § 1746, and, furthermore, both appear to rely only upon inadmissible hearsay. *See* Fed.R.Evid. 802. Therefore, no competent evidence existed in the record that could call into question the *prima facie* validity of service. Accordingly, the district court clearly erred in finding that Udoinyion had failed to properly serve Guardian Security with process within the 120-day time limit. *See Albra*, 490 F.3d at 829.

For the foregoing reasons, we affirm the dismissal with prejudice of the claims against the Maners as individuals, reverse the dismissal without prejudice of the claims against Guardian Security, and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**